The document below is hereby signed.

Signed: June 18, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
BRIAN SHANKLIN,                    )   Case No. 10-00471
                                   )   (Chapter 7)
            Debtor.                )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REINSTATE CASE

This case was dismissed based upon the debtor's failure to comply with the prepetition credit counseling requirement of 11 U.S.C. § 109(h).  The debtor has filed a motion to reinstate the case (Dkt. No. 29).  In support of his motion, the debtor contends that he obtained credit counseling, and although he did not do so within the 180-day period prior to the filing of the petition, the education he did receive meets "the black letter and the spirt of the law requiring a debtor obtain credit counseling because he received the counseling and acquired the necessary education to make an informed decision to file bankruptcy."  The court will accept the debtor's representation that the prepetition counseling he received provided the necessary education to permit the debtor to make an informed

decision regarding the filing of this bankruptcy case.  Likewise, the court does not take issue with the debtor's contention that the counseling he obtained was consistent with the purpose and the spirit of § 109(h).  As to the debtor's assertion that the debtor has complied with the black letter of the law, however, the court respectfully disagrees.  Subject to limited exceptions of no applicability here, 11 U.S.C. § 109(h) provides that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."  Section 109(h) does not provide an exception for debtors who have satisfied the spirit but not the letter of the law, and the Bankruptcy Code does not grant the court the discretion to make an exception for the debtor in this case.  It is thus

    ORDERED that the debtor's Motion to Reinstate Case (Dkt. No. 29) is DENIED.

                                      [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.